

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 22, 1968

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Attention Mr. Kenneth I. Kimbro

Opinion No. M-295

Re: Whether the Comptroller is au-
thorized to furnish copies of
certain franchise tax reports
to the State Securities Commis-
sioner upon his request and for
his necessary information and
use in enforcing the securities
laws of the state with which he

Dear Mr. Calvert:              is charged.

Your recent letter requests an opinion as to whether
the Comptroller is authorized to furnish copies of certain
franchise tax reports to the State Securities Commissioner
upon his request and for his necessary information and use
in enforcing the securities laws of the State, the enforce-
ment of which is his duty.

You say he quotes as his authority for his request
Article 581-28, Vernon's Civil Statutes, which reads, in
part, as follows:

> ". . . In the course of an investiga-
> tion looking to the enforcement of this act,
> or in connection with the application of a
> person or company for registration or to
> qualify securities, the Commissioner or
> Deputy Commissioner shall have free access
> to all records of the Board of Insurance
> Commissioners, including company examina-
> tion reports to the Board and reports of spe-
> cial investigations made by personnel of
> the Board, as well as records and reports
> of and to any other department or agency of
> the state government . . ." (Emphasis added.)

In your request you quote, in part, from Article 12.10, Title 122A, Taxation-General, Vernon's Civil Statutes, as follows:

"Art. 12.10  Reports Confidential
"Reports made under Articles 12.08 (or 12.08 and 12.09) shall be privileged and not for the inspection of the general public, but a bona fide stockholder owning one (1) or more shares of the outstanding stock of any corporation may examine such reports upon presentation of evidence of such ownership to the Secretary of State.  No other examination, disclosure or use shall be permitted of the reports except in the course of some judicial proceedings in which the State or any bona fide stockholder is a party or in a suit by the State to cancel the permit or forfeit the charter of such corporation or to collect penalties for a violation of the laws of this State, or for information of any officer of this State charged with the enforcement of its laws, including the Comptroller of Public Accounts, the State Auditor and the State Tax Commissioner; provided that the Secretary of State may in his discretion for good cause shown disclose to any interested person the names of the officers and directors and agents for service and the principal office and place of business of any corporation filing a franchise tax report." (Emphasis added.)

You also quote, in part, from Article 1.031, Title 122A, Taxation-General, Vernon's Civil Statutes, as follows:

"Art. 1.031  Examination of Records
"(1)  For the purpose of carrying out the terms of this Title the Comptroller or any authorized agent shall have the authority to examine at the principal or any other office in the United States of any person, firm, agent, or corporation permitted to do business in this State, all books, records and papers and also any officers or employees thereof, under oath; and failure or refusal of any person, firm, agent, or corporation to permit such examination shall,

upon certification of such refusal by the
Comptroller to the Secretary of State, imme-
diately forfeit the charter or permit to do
business in this State until such examination
as is required to be made is completed. The
Comptroller shall not make public or use said
information derived in the course of said exami-
nation of said books, records and papers and/or
officers or employees except for the purpose of
a judicial proceeding for the collection of delin-
quent taxes in which the State of Texas is a party.
****" "Art. 1.031 added by Acts 1967, 60th Leg.
p. 1022, ch. 449, eff. July 1, 1967." (Emphasis
added.)

You request an interpretation of Article 12.10 of Title
122A, Taxation-General (formerly Article 7089, V.C.S. of Texas)
as such law relates to Article 1.031 of Title 122A, supra. The
immediate question, supra, is whether the Comptroller is authoriz-
ed to furnish copies of certain franchise tax reports to the
State Securities Commissioner.

Decision of this question involves two considerations:

(1) Has Article 1.031 repealed Articles 12.10 and 581-
28? and, (2) If not, does Article 12.10 authorize the Comptrol-
ler of Public Accounts to furnish copies of otherwise confiden-
tial records to the Securities Commissioner as an officer of
this state charged with the enforcement of its laws pursuant
to Article 581-28?

It is the opinion of this office that Article 1.031
does not relate to or conflict with Article 12.10 nor is there
any repeal by implication of the latter statute. The 1967 re-
codification statute on this matter (Article 1.031) grants
powers to the Comptroller which are in the nature of visitorial
powers for auditing purposes and is deemed a general statute,
referring to all taxes under Title 122A, Taxation-General. The
1961 statute (Article 12.10) is a specific statute and relates
to the confidential nature of and use of records or reports
filed as franchise tax returns by a corporation with the State
Comptroller. It concerns only franchise taxes and is permis-
sive in that it merely allows the Comptroller to furnish con-
fidential information to other officers charged with the en-
forcement of the state's laws. The caption of Article 1.031

(Acts of the 60th Leg., Reg. Session, 1967, Chapter 449, Pg. 1022) refers to "an Act concerning examination of records by the Comptroller for tax purposes," while Article 12.10 refers to reports made by the corporation itself. Since a specific statute will control over the general provisions of another statute, Article 12.10 will control over Article 1.031 in this matter. 53 Tex.Jur.2d 232, Statutes, Sec. 161.

As to the question of whether Article 12.10 permits the Securities Commissioner to obtain copies of such reports, we must hold that he is an "Officer of this State charged with the enforcement of its laws," and as such, he is entitled to request and receive any records, including franchise tax reports, pursuant to Articles 581-28 and 12.10, which are specific statutes, and Article 1.031 must yield thereto.

## SUMMARY

The Securities Commissioner is an "Officer of the State charged with the enforcement of its laws," pursuant to Article 581-28, Vernon's Civil Statutes, and within the meaning of Article 12.10, Title 122A, Taxation-General, Vernon's Civil Statutes, and is entitled to request of and receive from the State Comptroller of Public Accounts of the State of Texas copies of franchise tax reports made by corporations to the said Comptroller.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fisher A. Tyler
Assistant Attorney General

Hon. Robert S. Calvert, page 5 (M- 295)


APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
James Broadhurst
Roger Tyler
Jim Swearingen
John Banks

A. J. Carubbi, Jr.
Executive Assistant